UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. RICO,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 8:18-cv-00275-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Raymond A. Rico ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security Administration's ("Commissioner") denial of his application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 9, 10] and briefs addressing disputed issues in the case [Dkt. 14 ("Pltf.'s Br."), Dkt. 15 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that the Commissioner's decision should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On September 11, 2012, Plaintiff filed an application for SSI, alleging that he became disabled as of January 1, 2003. [Dkt. 13, Administrative Record ("AR") 38,

144-153.] The Commissioner denied his initial claim for benefits on May 20, 2013. [AR 38, 75-87.] On April 1, 2014, a hearing was held before Administrative Law Judge ("ALJ") Kyle E. Andeer. [AR 52-74.] On May 7, 2014, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 35-51.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since the date of application. [AR 40 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from one severe impairment, osteogenisis imperfecta.[1] [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 42 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity ("RFC"):
> [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he must be offered the opportunity to alternate between sitting and standing at will, so long as he is not off task more than ten percent of the workday. He cannot climb ladders, ropes, scaffolds, ramps, or stairs. He can occasionally balance, stoop, kneel, crouch, and crawl.

[AR 43.] The ALJ found that Plaintiff had no past relevant work, but determined based on his age (26 years old on the date of application), high school education, and ability to communicate in English, he could perform representative occupations

---

[1] "Osteogenesis imperfecta (OI) is a group of genetic disorders that mainly affect the bones. The term 'osteogenesis imperfecta' means imperfect bone formation. People with this condition have bones that break easily, often from mild trauma or with no apparent cause. Multiple fractures are common, and in severe cases, can occur even before birth. Milder cases may involve only a few fractures over a person's lifetime." *Osteogenesis Imperfecta*, Genetics Home Reference, NIH U.S. Nat'l Library of Medicine, https://ghr.nlm.nih.gov/condition/osteogenesis-imperfecta (last accessed Nov.18, 2018).

2

such as table worker (DOT 739.687-182) and lens inserter, optical goods (DOT 713.687-026) and, thus, was not disabled. [AR 46 (citing 20 C.F.R. § 416.969(a)).]

The Appeals Council denied review on November 10, 2015, but set aside this denial on October 4, 2017. [AR 9-10, 22-27.] The Appeals Council again denied review on December 19, 2017. [AR 1-7.] This action followed.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), this Court reverses only if the Commissioner's "decision was not supported by substantial evidence in the record as a whole or if the [Commissioner] applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "must be 'more than a mere scintilla,' but may be less than a preponderance." *Id.* at 1110-11; *see Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir. 1996)). If "the evidence is susceptible to more than one rational interpretation, we must uphold the [Commissioner's] findings if they are supported by inferences reasonably drawn from the record." *Molina,* 674 F.3d at 1111.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (expressly adopting *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993)); *Taylor v. Comm'r of Soc. Sec. Admin.* 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the

3

ALJ's decision was supported by substantial evidence and was free of legal error"); *Penny v. Sullivan*, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole").

## IV. DISCUSSION

Plaintiff contends that the ALJ failed to properly consider the opinion of Plaintiff's treating physician, Dr. Ronald Pinkerton, M.D., made in an April 6, 2012 letter stating that Plaintiff "is unable to work" and "is totally disabled." [Pltf.'s Br. at 4-5.] The Commissioner contends that the ALJ did not consider the letter because it was not before the ALJ at the time he made his decision, but rather was submitted to the Appeals Council, and that it is immaterial because it predates the relevant period. [Def.'s Br. at 2-3.]

Dr. Pinkerton's four-sentence April 6, 2012 letter states, in relevant part: "Mr. Raymond Rico is under my care for Osteogenesis Imperfecta, Subdural Hematoma and Hearing loss. Due to his medical condition he is unable to work. Mr. Rico is totally disabled and needs to continue insurance benefits under his parents." [AR 420.] Dr. Pinkerton's opinion was not before the ALJ at the time of the decision, but was submitted to the Appeals Council before the November 10, 2015 review denial and became part of the administrative record at that time. [AR 22-27, 48-51, 55.]

The record before the ALJ included Dr. Pinkerton's chart notes from August 2011 through January 2014, reflecting that Dr. Pinkerton may have intermittently treated Plaintiff between 1993 and 2012, and that Plaintiff did visit Dr. Pinkerton on at least five occasions before the April 2012 opinion. [Pltf.'s Br. at 4-6 (citing AR 309-43, 387-06); AR 171 (listing date of first visit to Dr. Pinkerton as Jan. 1993), AR 310 (listing dates of treatment as 1993 to present); *but note* AR 317 (Dr. Pinkerton's Aug. 17, 2011 record stating Plaintiff had "not been to see a dr. in a while"), AR 327 (medical record from Dr. Pinkerton's office indicating Plaintiff

4

1  was a "new patient" on May 28, 2009), AR 342 (consulting physician's statement
2  on Aug. 29, 2011 that Plaintiff had "just established care" with Dr. Pinkerton).]

As a preliminary matter, because Dr. Pinkerton's April 2012 opinion was not before the ALJ at the time of the decision, the ALJ could not have erred in failing to address it. *Shoaf v. Colvin*, No. 5:15-cv-938, 2015 WL 9455558, at *3 (C.D. Cal. Dec. 23, 2015); *see also Jones v. Astrue*, No. CV-10-221, 2011 2011 WL 6014223, at *5 (E.D. Wash. Dec. 1, 2011) ("The ALJ did not err by failing to address a statement that was not available to him."). However, "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999)). Accordingly, Plaintiff's argument is really whether, accounting for Dr. Pinkerton's opinion, substantial evidence supports the ALJ's RFC determination. *See, e.g.*, *Boyd v. Colvin*, 524 Fed. App'x 334, 336 (9th Cir. 2013) (analyzing new evidence to determine whether it undermined the substantial evidence).[2] For the reasons discussed below, the Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole.

The regulations do not require the ALJ to accept a physician's conclusion that a particular claimant is unable to work or is disabled. *See* 20 C.F.R. § 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Further, "the ALJ need

---

[2] Although Plaintiff's brief focuses on the ALJ's failure to give "specific and legitimate" reasons for rejecting Dr. Pinkerton's opinion, giving Plaintiff the benefit of the doubt, the Court understands Plaintiff to attack the ultimate conclusion as lacking substantial evidence because it fails to account for Dr. Pinkerton's April 2012 opinion. Because, of course, the ALJ could not have provided specific and legitimate reasons – or any reasons at all – to reject an opinion that was never presented to him.

5

not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986)) (alteration in original); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)) (emphasis and citations omitted)). Where a conclusory opinion is "based on significant experience" with a claimant and is "supported by numerous records," it is entitled to greater weight than that given to an otherwise unsupported and unexplained checkbox form. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014).

The Commissioner's argument that the letter is immaterial, because it was written before the application and therefore predates the relevant period, is unavailing. While the Commissioner is correct that the letter was written before the date of application, it was written *after* the *alleged onset of disability*, January 1, 2003, and therefore may be material to the issue of disability (if it is to be credited at all). *Pacheco v. Berryhill*, 733 Fed. Appx. 356, 360 (9th Cir. May 1, 2018) ("Although evidence that predates the alleged onset date of disability is of limited relevance, . . . evidence that predates the claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability." (internal citation omitted but citing *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)).

That said, Dr. Pinkerton's opinion is unexplained and unsupported and does not convince this Court that substantial evidence did not support the ALJ's findings. [*See* AR 420.] The ALJ was not required to give any special significance to Dr. Pinkerton's opinion that, due to Plaintiff's medical condition, he is "unable to work" and is "totally disabled," because these are determinations reserved to the

6

Commissioner. 20 C.F.R. § 416.927(d)(1); *see also McLeod v. Astrue*, 640 F.3d 881, 884-85 (9th Cir. 2011) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate issue of disability.").

Further, the letter is not entitled to any greater weight than that given to a conclusory, unsupported checkbox opinion. The letter itself contains no rationale or reference to treatment notes in support of the bald conclusion that Plaintiff cannot work and is totally disabled. And, critically, the records upon which it must have been based (those dated prior to the letter) do not support this conclusion. [*See* AR 420.] The record is unclear on exactly how frequently, if at all, Dr. Pinkerton saw Plaintiff between 1993 and May 28, 2009. [*See* AR 171 (listing date of first visit to Dr. Pinkerton as Jan. 1993), 310 (listing dates of treatment as 1993 to present), AR 317 (Dr. Pinkerton's Aug. 17, 2011 record stating Plaintiff had "not been to see a dr. in a while"), AR 327 (medical record from Dr. Pinkerton's office indicating Plaintiff was a "new patient" on May 28, 2009), AR 342 (consulting physician's statement on Aug. 29, 2011 that Plaintiff had "just established care" with Dr. Pinkerton).] The administrative record reflects five total visits with Dr. Pinkerton between May 28, 2009 and the April 2012 opinion, the records of which were before the ALJ at the time of his decision. [AR 315-18, 322-27 (reflecting visits on May 28, 2009, Aug. 17, 2011, Oct. 17, 2011, Feb. 7, 2012, March 15, 2012).] It is possible that these visits may be sufficient to show "significant experience" with the Plaintiff, but the Court need not make this determination because the April 2012 conclusory opinion is not supported by the records of these visits.[3]

---

[3] *Compare Cervantes v. Berryhill*, No. 2:17-cv-06338-GJS, 2018 WL 4372418 (C.D. Cal. Sept 12, 2018) (opinion of treating physician who only saw Plaintiff twice between February and March 2016 not entitled to increased weight) *with J.C. v. Berryhill*, No. 2:17-cv-08235-SHK, 2018 WL 4562186, at *6-7 (C.D. Cal. Sept. 20, 2018) (ALJ's rejection of doctor's opinion as "brief, conclusory, and inadequately supported" was not supported by substantial evidence when rejected 2015 opinion included page describing Plaintiff's longitudinal symptoms and

7

Within the records of Plaintiff's visits to Dr. Pinkerton and other specialists, Plaintiff complains of pain in various locations, and at one point states that he cannot stand for more than 10 minutes at a time. [*See, e.g.*, AR 251 (complains of joint pain, pain in knees, feet, hip, and shoulders), AR 290 (complains of muscle pain with difficulty walking and intermittent low back pain), AR 315 (complains of pain in lower back and left thigh, states unable to stand for more than 10 minutes), AR 322 (pain in shoulders and hips), AR 325 (abdominal discomfort).] Dr. Pinkerton assessed Plaintiff as being in "severe back pain due to osteogenesis imperfecta" on October 17, 2011, prescribed butrans for pain on August 17, 2011, and referred Plaintiff to a neurologist, an ear, nose, and throat specialist, an orthopedic specialist for a rotator cuff sprain, a rheumatologist, and a genetics specialist over the course of the five visits. [AR 316, 318, 323.]

Although Dr. Pinkerton noted Plaintiff's self-reported pain, during physical examination and testing, Dr. Pinkerton found that Plaintiff had no abnormalities in the back and spine, no joint deformities or abnormalities, no bone or joint symptoms or weakness, no fatigue, and a normal range of motion for all four extremities. [AR 316, 317, 322.] Dr. Pinkerton did not list any abnormal exam results in any of the records prior to his April 2012 letter. His findings are thus insufficient to support his extreme conclusion that Plaintiff was completely unable to work or totally disabled as of that date, and therefore, the records do not justify a presumption that Dr. Pinkerton's opinion is entitled to more weight than a conclusory, unsupported checkbox opinion.

Additionally, these records reflect that Dr. Pinkerton's opinion was "based to a large extent on [Plaintiff's] self-reports" of pain, which the ALJ found not to be

treatment from 2009 through 2015 and record also included a second letter from same doctor describing Plaintiff's treatment history between 2009 and 2013 including two specified visits, one hospitalization, and additional longitudinal description of plaintiff's symptoms and treatment).

8

credible.[4] *See Burrell v. Colvin*, 775 F.3d 1133 (9th Cir. 2014). The ALJ also could have rejected Dr. Pinkerton's opinion on this ground. *Id.* at 1140-1141 ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).

Reviewing the record as a whole, the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.[5] Because the ALJ reasonably could have rejected Dr. Pinkerton's unsupported, conclusory opinion on the ultimate issue of disability, it does not undermine the substantial evidence that supports the ALJ's conclusion that Plaintiff is not disabled.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is AFFIRMED and this action is DISMISSED WITH PREJUDICE; and

(2) Judgment be entered in favor of the Commissioner.

**IT IS SO ORDERED.**

DATED: November 28, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff has not challenged the ALJ's determination that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. [*See* Pltf.'s Br.; AR 44.]

[5] Plaintiff's sole challenge is that the ALJ failed to address Dr. Pinkerton's April 2012 opinion, and Plaintiff does not otherwise argue that the ALJ's decision is not supported by substantial evidence. [*See* Pltf.'s Br.]

9